Michelle L. Roberts, State Bar No. 239092
E-mail: michelle@robertsdisability.com
ROBERTS DISABILITY LAW
66 Franklin Street, Ste. 300
Oakland, CA 94607
Telephone: (510) 230-2090
Facsimile: (510) 230-2091

Attorneys for Plaintiff,
Thomas Kovats

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS KOVATS,<br><br>                Plaintiff,<br><br>        vs.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>                Defendant. | CASE NO.: 3:22-cv-764<br><br>**COMPLAINT (ERISA)** |

Plaintiff, Thomas Kovats, herein sets forth the allegations of his Complaint against Defendant Hartford Life and Accident Insurance Company ("Hartford").

<u>PRELIMINARY ALLEGATIONS</u>

1. "Jurisdiction" - This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves claims by Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of an employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to, payment of the correct amount of

benefits due him under his plan, prejudgment and post-judgment interest, reinstatement to the benefit plan at issue herein, and attorneys' fees and costs.

2. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because Plaintiff resides in this district, the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

3. Plaintiff was, at all times relevant, Vice President of Finance for Coursera, Inc. He resides in San Francisco County, State of California. Plaintiff became disabled and unable to work starting March 16, 2020. At the time of his disability, Plaintiff was a participant in the Coursera Inc. Health and Welfare Plan ("the Plan") which provided, among other benefits, long-term disability and life insurance benefits. The Plan's long-term disability benefits is insured and administered by Hartford, under insurance policy GRH-805011. The Plan's life insurance benefits are insured and administered by Hartford, under insurance policy GL-805011.

4. Hartford is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Northern District of California and can be found in the Northern District of California.

5. Intradistrict Assignment. Pursuant to Civil L.R. 3-2(c) and 3-5, Plaintiff believes that this matter should be assigned to either the Oakland or San Francisco divisions since a substantial part of the events or omissions which give rise to this action occurred primarily in San Francisco County.

## FACTS

6. Plaintiff filed a claim for long-term disability benefits under the Plan beginning March 16, 2020. Hartford assigned claim number 26804447. Benefits would have become payable as of June 14, 2020 if Plaintiff met the Plan definition of Total Disability.

7. Under the Plan, Plaintiff is considered Totally Disabled for LTD benefits if, as a result of injury or sickness, he is unable to perform with reasonable continuity the Essential Duties necessary to pursue his Occupation in the usual or customary way.

8. By letter dated February 15, 2021, Hartford denied Plaintiff's claim for long-term disability benefits on the basis that he was not disabled from his own occupation of VP Finance.

9. Plaintiff filed a claim for waiver of premium benefits under the Plan. Hartford assigned claim number 27372056. Premiums are waived after a claimant has been Disabled for 9 consecutive months.

10. Under the Plan, Plaintiff is considered Disabled for waiver of premium benefits, if as a result of injury or sickness, he is unable to engage with reasonable continuity in his own occupation.

11. By letter dated February 18, 2021, Hartford denied Plaintiff's claim for waiver of premium benefits on the basis that he did not meet the Plan's definition of Disabled.

12. Plaintiff retained counsel and appealed the LTD and waiver of premium denials to Hartford by letter dated September 9, 2021.

13. On October 26, 2021, Hartford sent Plaintiff's counsel three paper reviews it obtained from Drs. Neil Gupta, William Kroski, and John Fitzpatrick. Plaintiff requested an extension of time to January 14, 2022 to provide additional evidence in response to the peer reviews. Hartford granted Plaintiff's extension.

14. On January 10, 2022, Hartford agreed to provide Plaintiff additional time until January 25, 2022 to complete his appeal submission.

15. On January 18, 2022, Plaintiff submitted additional evidence in support of his LTD and waiver of premium claims.

16. On February 3, 2022, Hartford provided Plaintiff's counsel with addendums from Drs. Gupta, Kroski, and Fitzpatrick. The addendum from Dr. Gupta summarized medical information belonging to a different claimant named "Kenny." Had Hartford read the report discerningly, it would have seen this obvious error. All doctors continued to maintain that Plaintiff was not disabled by ignoring or misconstruing Plaintiff's evidence and providing little analysis and support for their conclusions.

17. On February 3, 2022, at approximately 4:00 p.m. Eastern Time, Plaintiff's counsel emailed

1  Nicole Brodie at the Hartford and advised that Plaintiff disagreed with the peer reviewers, but that
2  Plaintiff had no additional information to submit in support of his appeal.

3  18. On February 4, 2022, at approximately 10:00 a.m. Eastern Time, roughly 18 hours after
4  receiving Plaintiff's counsel's email (most of which was overnight), Hartford issued 7-page denial
5  letters of both the LTD and WOP claims. Hartford already determined it was going to deny
6  Plaintiff's claims before receiving his response and had already drafted the denial letters. Hartford
7  relied on Dr. Gupta's review which was clearly based on another claimant's records.

8  19. Hartford's appeal denial letters of the LTD and waiver of premium claims advised Plaintiff
9  that he has the right to bring a civil action under ERISA Section 502(a). Plaintiff fully exhausted
10  any and all required administrative remedies.

### FIRST CLAIM FOR RELIEF
### (29 U.S.C. § 1132(a)(1)(B))
### Long-Term Disability Benefits

20. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

21. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

22. At all relevant times, Plaintiff has been entitled to LTD benefits under the Plan. By denying Plaintiff's claim for disability benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

### SECOND CLAIM FOR RELIEF
### (29 U.S.C. § 1132(a)(1)(B))
### Life Insurance Waiver of Premium Benefits

23. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

24. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify his rights to future benefits under the terms of a plan.

25. At all relevant times, Plaintiff has been entitled to life insurance waiver of premium

Roberts Disability Law
66 Franklin Street, Ste. 300
Oakland, CA 94607
(510) 230-2090

benefits under the Plan. By denying Plaintiff's claim for waiver of premium benefits under the Plan, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the Plan and Plaintiff's rights thereunder.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Hartford as follows:

1. Payment of disability benefits due to Plaintiff;
2. Instatement of life insurance waiver of premium benefits;
3. An order declaring that Plaintiff is entitled to an award of LTD benefits, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;
4. An order declaring that Plaintiff is entitled to an award of life insurance waiver of premium benefits, and that benefits are to be in effect under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;
5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
6. Payment of prejudgment and post-judgment interest as allowed for under ERISA; and
7. Such other and further relief as this Court deems just and proper.

DATED: February 7, 2022                    ROBERTS DISABILITY LAW

                                           By:  /s/ Michelle L. Roberts
                                                Michelle L. Roberts
                                                Attorneys for Plaintiff,
                                                Thomas Kovats